# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE E. BEJARAN, JR., | 1:09-cv-01837-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | [Doc. 1] |
| Respondent. / | |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner filed the instant petition for writ of habeas corpus on October 20, 2009.  (Doc. 1.)  Petitioner raises the following claims for relief: (1) the Department of Corrections fails to honor his debriefing process from his prior gang validation status and he should be housed as a drop-out with safety protection; (2) he is being detained in the Security Housing Unit on a new commitment for an unfixed term based on a discharged prison commitment; (3) his due process rights were violated during the re-validation process; and (4) there was insufficient evidence to validate him as active prison gang member.

DISCUSSION

  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly

1

1  appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the
2  Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A
3  federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he
4  is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition
5  is the correct method for a prisoner to challenge the "legality or duration" of his confinement.
6  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475,
7  485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In
8  contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to
9  challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42
10 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of
11 the Rules Governing Section 2254 Cases.

12     In this case, Petitioner is challenging his placement and prison-gang validation process and
13 requests relief in the expungement of the gang affiliation and placement in the Security Housing
14 Unit.  Petitioner is challenging the conditions of his confinement, not the fact or duration of that
15 confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be
16 dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil
17 rights complaint pursuant to 42 U.S.C. § 1983.

18                                     RECOMMENDATION

19     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
20 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
21 corpus relief.

22     This Findings and Recommendation is submitted to the assigned United States District
23 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
24 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
25 thirty (30) days after being served with a copy, any party may file written objections with the court
26 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
27 Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within
28 ten (10) court days (plus three days if served by mail) after service of the objections.  The Court

1  will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties
2  are advised that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6     IT IS SO ORDERED.
7     **Dated:   October 27, 2009**              **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE